WILLIAM MICHAEL PLODZIEN, petitioner-appellant,

*v.*

MARY DYDA PLODZIEN, defendant-respondent.

[Submitted October term, 1936.   Decided January 28th, 1937.]

*Mr. Archie Elkins,* for the petitioner-appellant.

*Messrs. Rospond & Rospond (Mr. Felix Rospond,* of counsel), for the defendant-respondent.

PER CURIAM.

This is an appeal from an order of the court of chancery opening and setting aside a decree *nisi* of October 16th, 1935, and a final decree of January 17th, 1936, in a divorce action.

The matter of re-opening the decrees arose on petition of the wife, who is in Poland. The parties were married on January 18th, 1925, in New York City, and have one child who is eight years of age. In 1932, the parties left this country and went to Poland. The wife, a native of Poland, was unable to return to this country with her husband because her original entry into the United States, in 1923, was in violation of the immigration laws. The attempts on the part of the wife to gain re-entry into this country were unsuccessful. In July, 1935, the husband filed a petition for divorce on the ground of desertion. He obtained a decree *nisi* on October 16th, 1935, and a final decree on January 16th, 1936, and on June 1st, 1936, married a Mrs. Warnick, who, it appears, was divorced from her husband on May 11th, 1936.

The petition to reopen the decree charged that the husband had procured the divorce from his wife by fraud. In the original suit the husband testified that his wife "would not" come back to this country with him. This testimony was corroborated by a witness who was in Poland at the time of the separation of the parties, but who was unable to speak English, and his testimony was obtained through an interpreter. In the instant hearing on the application to re-open the decree, it appeared that the interpreter in the original suit was incompetent and that the non-English speaking corroborating witness apparently testified at that hearing that the wife said that she "could not" come back to this country. Standing alone to support the re-opening of a final decree of divorce, this proof might not be entirely satisfactory but the advisory master found in addition that the husband had testified falsely in his suit for divorce in that he did not disclose that before he went to Poland with his wife in 1932, he knew that his wife's entry into this country was illegal, while on the present

application it was shown that he had such information for some years before he and his wife went to Poland. In the original suit the husband concealed from the court letters which he had received from his wife, the contents of any of which would have clearly disclosed that there had been no desertion by the wife. The advisory master said in his conclusions that had these letters been before him the husband could not have succeeded in obtaining a decree. He found, in short, that the husband was guilty of an intentional fraud.

It is argued for the appellant that the wife was guilty of laches. We do not agree. The record shows that she consulted an attorney in Poland; that on October 31st, 1935, this attorney wrote to the solicitor for the husband advising of the falsity of the allegations concerning desertion. Furthermore, on March 6th, 1936, a petition was filed, asking the court to vacate the decree in the divorce case. Then, if not previously, the husband had notice that his decree of divorce was under attack. Notwithstanding this, he chose to marry on June 1st, 1936. Again we find that she did all that reasonably might be expected of her, considering her circumstances, her lack of finances, and the fact that she was in Poland and could not legally re-enter this country.

The proofs would indicate that immediately upon being served with process, by publication, she wrote to her husband denying the desertion and wrote to her relatives in this country at the same time, protesting against his action and informing them that she had so written him. She was, if her letters are to be believed, in destitute circumstances, having to earn her own living and support her child, and was able to do nothing much except protest by her own letters and the letter which she got the attorney in Poland to write for her.

The evidence justified the advisory master in re-opening the divorce decrees.

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.